UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVEN D'AARON CASTLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4621** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On September 24, 2009, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 5. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

## I. Factual Summary

The plaintiff, Deven D'Aaron Castle ("Castle"), is an inmate housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC"). He filed this *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against the TPCJC, the Louisiana Department of Corrections ("DOC"), the State of Louisiana, the Parish of Terrebonne, the classification department at the TPCJC, the Terrebonne Parish Sheriff's Office ("TPSO"), and the Terrebonne Parish Sheriff.

Castle alleges that when he arrived at the TPCJC on May 19, 2009, he was housed in a dormitory cell with DOC inmate Daniel Neville. Castle alleges that on June 12, 2009, Neville apparently decided he either wanted to be alone in the cell or moved to a DOC facility. Neville began punching, pushing, and shoving him into almost every piece of metal in the cell. Castle suffered a busted lip, a broken right hand, and a severely pinched nerve or disk in his back. He also claims that his bad leg is consistently giving out on him. He further states that he was unable to defend himself because he was already suffering with a broken left arm from a prior truck accident. He alleges that his right arm and his $362 eyeglasses also are now broken.

As relief, Castle seeks to have the criminal charges against him dropped, to be sent to an outside doctor for proper medical care. He also seeks an order that, after his release, he can not be sent back to the TPCJC. He also seeks $10 million in compensatory damages.

## II. The *Spears* Hearing

Castle testified that he was placed in a cell with a DOC inmate, Daniel Neville, who was serving a life sentence. He testified that he and Neville got along for the month they were together. One day, June 11 or 12, 2009, Neville walked into the cell and began hitting him. Castle claims that Neville had been asking to be moved to a DOC facility and said that he would find a way to get

moved. Castle believes that Neville decided to use him as the "scape goat" to force the prison officials to send him to DOC.

Castle also testified that he struck back at Neville. As a result of the fight, he broke his hand and his eyeglasses. He also began having trouble with his leg. He claims that his leg gives out on him as if he has a back injury. After the fight, he was taken to the infirmary and to the hospital for treatment, which he is still receiving.

Castle claims that he filed this suit because, as a parish prisoner, he should not have been housed with a DOC prisoner for safety reasons. Castle stated that he did not receive a disciplinary charge after the incident and that he was unsure about Neville. He also stated that Neville was transferred to a DOC facility after the fight.

Castle further testified that he sued the Terrebonne Parish Sheriff and the other defendants because they are in charge of the jail complex.

### III. Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

3

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**IV.     Analysis**

    **A.     TPCJC, the Classification Department at the TPCJC, and the Terrebonne Parish Sheriff's Office**

Castle names as defendants the TPCJC, the classification department at the TPCJC, and the TPSO as defendants in this case. These entities are not subject to suit and any claims against these entities are frivolous and otherwise fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[3] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil

---

[3]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2009).

The State of Louisiana, however, grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). Thus, none of the Parish Sheriff's Offices are legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims, if any, against the TPSO are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

Furthermore, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the Terrebonne Parish Criminal Justice Complex and its classification department are not proper defendants in this case.

5

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law.[4] Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage & Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that authorized the Lafayette City Council to institute a law suit on its own motion. *Bowen*, 649 So. 2d at 613.

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2009). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2009). The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the Terrebonne Parish Criminal Justice Complex is not "legally empowered to do" anything independently of either Terrebonne Parish or the Terrebonne Parish Sheriff. *Roberts*, 634 So.2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For all of these reasons, the claims against the Terrebonne Parish Criminal Justice Complex, against the classification department at the jail, and against the Terrebonne Parish Sheriff's Office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

**B.      The State of Louisiana and the Louisiana Department of Corrections**

The plaintiff has also named the Louisiana Department of Corrections ("DOC") and the State of Louisiana as defendants in this action. However, these defendants are immune from suit in this Court and the claims against them must be dismissed.

The DOC is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401 (2009). For Eleventh Amendment purposes, the DOC is considered an arm of the state since any money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the State and

the DOC implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560; *Bldg. Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suit for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief can not be pursued directly against the State in federal court). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways,* 780 F.2d 1268, 1271-73 (5th Cir.1986). However, the State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to consider the plaintiff's claims against the State of Louisiana and the DOC. *See Warnock v. Pecos County, Tex.,* 88 F.3d 341, 343 (5th Cir. 1996). These claims are frivolous, fail to state a claim for which relief can be granted, and otherwise for seeking relief from an immune defendant pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e. They must be

dismissed without prejudice for lack of jurisdiction. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir.1996).

  **C.** <u>**Terrebonne Parish**</u>

  Castle also lists Terrebonne Parish as a defendant as a party responsible for running the TPCJC. For the following reasons, any claims against the Parish are frivolous and otherwise fail to state a claim for which relief can be granted.

  Terrebonne Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

  In the instant case, Castle has not alleged a legitimate basis for having named the Parish in his complaint. He has not identified a parish policy, practice, or custom which caused the damages he asserts in the manner contemplated by *Monell*. Consequently, the claims against Terrebonne Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### D. Terrebonne Parish Sheriff

Castle has also named as a defendant the Sheriff of Terrebonne Parish because he "runs" the prison. The claims against the Sheriff also are frivolous and otherwise fail to state a claim for which relief can be granted.

A supervisory official, like the Sheriff, can not be held liable under § 1983 under a theory of *respondeat superior* simply because personnel at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Rather, the Sheriff may only be liable under § 1983 if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by the Sheriff and the alleged constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

Castle does not allege that the Sheriff was present for, or personally involved in, his placement in the prison. Castle also does not allege that his injury was the result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). Instead, Castle simply names the Sheriff as the head of the TPCJC. Thus, the claims against the Sheriff are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## V.     Recommendation

It is therefore **RECOMMENDED** that Deven D'Aaron Castle's claims brought pursuant to 42 U.S.C. § 1983 against the defendants, the Terrebonne Parish Criminal Justice Complex, the Parish of Terrebonne, the classification department at the TPCJC, the Terrebonne Parish Sheriff's Office, and the Terrebonne Parish Sheriff, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that the plaintiff's § 1983 claims against the State of Louisiana and the Louisiana Department of Corrections be **DISMISSED** as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief from an immune defendant pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and 42 U.S.C. § 1997e; **WITHOUT PREJUDICE** because the claims are barred by the Eleventh Amendment and the Court is without jurisdiction to consider the claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 28th day of January, 2010.

    **KAREN WELLS ROBY**
    **UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.